In re Susan **ROBERTS** and John R. Roberts, Jr., Individually and as Next Friends of Their Minor Children Jamie Roberts, Joshua Roberts, and Haley Roberts, Relators.

No. 05-0362.

Supreme Court of Texas.

June 6, 2008.

---

11. *Id.*

13. Tex. Prop.Code §§ 21.019, .044.

14. *United States v. Bodcaw Co.*, 440 U.S. 202, 204, 99 S.Ct. 1066, 59 L.Ed.2d 257 (1979).

Ken Slavin, Kemp Smith, LLP, El Paso, George L. Thompson III, Thompson & Kerby, P.C., Lubbock, TX, for Relator.

Thomas C. Riney, Kerri L. Stampes, Riney & Mayfield LLP, Charles E. Moss, Mayfield Crutcher & Sharpee, LLP, Kristi R. Weaber, Mayfield, Crutcher and Sharpee, Amarillo, TX, for Real Party in Interest.

PER CURIAM.

We recently held in *In re McAllen Medical Center* that the expert reports required by former article 4590i were "intended to preclude extensive discovery and prolonged litigation in frivolous cases," and that appeal was not an adequate remedy when a trial court's refusal to enforce the statute would frustrate that intent. —— S.W.3d ——, ——, 2008 WL 2069837, at *4 (Tex.2008). In *McAllen,* the trial court had refused to rule on objections to expert reports for four years, and then finally denied them altogether. By contrast, the defendant health care providers here complain only that the trial court erred in granting the plaintiffs a 30–day grace period to amend their expert reports. Because a 30–day extension even if unjustified—does not substantially prolong litigation or allow for extensive discovery, we hold the court of appeals erred in issuing mandamus relief.

Susan Roberts and her family filed this health-care claim alleging that various failures in treating an intracranial cyst caused her severe and permanent loss of brain function. Within 180 days of filing, the Robertses served three expert reports (by a neurologist, a general surgeon, and a medical-surgical nurse) detailing various breaches of the standard of care. *See* Tex.Rev.Civ. Stat. art. 4590i, § 13.01(d) (repealed 2003).

The defendants, Northwest Texas Healthcare System, Inc. and Harvey Ross Shadbolt, objected to the reports. The trial court sustained the objections, but granted the Robertses a 30–day grace period. *Id.* § 13.01(g).

Rather than wait for the new reports, the defendants sought mandamus relief from the trial court's extension order. At least one court of appeals has concluded that mandamus review is not available for such orders. *See In re Benavides,* 180 S.W.3d 211 (Tex.App.-San Antonio 2005, orig. proceeding [mand. denied] ). But the court of appeals here granted relief, finding the Robertses' expert reports conclusory, and thus insufficient to support a grace period because they were not "the result of an accident or mistake." 2008 WL 2467769, at *1; *Walker v. Gutierrez,* 111 S.W.3d 56, 65 (Tex.2003) (holding reports that omitted required elements were not the result of accident or mistake).

Even assuming the 13 single-spaced pages of expert reports here were merely conclusory (a matter we do not reach), we disagree that appeal would be inadequate because the trial court's 30–day grace period would frustrate the statute's purpose. The Legislature certainly intended a grace period to be granted only under certain conditions (when inadequacy was "the re-

sult of an accident or mistake"). But the only harm involved is a 30–day delay. By contrast, this original proceeding has now delayed the case for four years. If the Robertses' amended reports (which are not in the appellate record) meet the statute's requirements, then their case is not one of the "frivolous cases" the Legislature intended to address. By any measure, the benefits to mandamus review of a 30–day extension are outweighed by the detriments. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex.2004).

Accordingly, we hold that the court of appeals erred in granting relief from the trial court's 30–day extension order under the circumstances presented. Without hearing oral argument, TEX.R.APP. P. 52.8(c), we conditionally grant the writ of mandamus and direct the court of appeals to vacate its order compelling withdrawal of the 30–day grace period. The writ will issue only if the court of appeals fails to comply.

Justice JOHNSON did not participate in the decision.