COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
| --- | --- | --- |
|  | § |  |
| IN RE: RANDY J. POLLET, M.D., | § | No. 08-07-00069-CV |
| RELATOR | § | AN ORIGINAL PROCEEDING |
|  | § | IN MANDAMUS |
|  | § |  |
|  | § |  |

**O P I N I O N**

In this original proceeding, Relator, Dr. Randy J. Pollet M.D., challenges the trial court's failure to rule on his motion to dismiss the underlying medical malpractice claim pursuant to Section 74.351 of the Texas Civil Practice and Remedies Code. Mandamus relief is conditionally granted.

This original proceeding arises out of a personal injury and workers' compensation claim filed by Mr. Rafael Martinez, against his employer Brokers Logistics on February 17, 2005. On June 6, 2006, Brokers Logistics filed a motion for leave to designate Dr. Randy Pollet as a responsible third party under Chapter 33 of the Texas Civil Practice and Remedies Code. The trial court granted the motion on July 21, 2006.

On June 27, 2006, while the motion to designate was pending, Mr. Martinez sent Dr. Pollet a letter explaining that Brokers Logistics had alleged that his doctor had contributed to his injuries. Mr. Martinez included a copy of an expert report produced for Brokers Logistics by Dr. William Blair, M.D. On September 7, 2006, Mr. Martinez filed his Sixth Amended Petition,

adding Dr. Pollet as a defendant in the case. Dr. Pollet filed his original answer on October 6, 2006.

On January 8, 2007, Dr. Pollet filed a motion to dismiss Mr. Martinez's claims against him, arguing that Mr. Martinez failed to comply with the notice and medical expert report requirements of the Texas Medical Liability Act. The trial court held a hearing on Dr. Pollet's motion to dismiss on January 29, 2007. During the hearing, counsels for both Mr. Martinez and Brokers Logistics noted that the parties were scheduled to take both Dr. Blair's and Dr. Pollet's depositions within days. On February 15, 2007, the trial court entered an order indicating that Dr. Pollet's motion to dismiss was taken "under advisement," and refusing to rule on the motion until after the deposition of Dr. Blair. Dr. Pollet filed this original proceeding challenging the trial court's refusal to grant his motion to dismiss on March 12, 2007.

Mandamus is an extraordinary remedy, proper only when the realtor can show: (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). A trial court commits a clear abuse of discretion when it refuses to rule on a pending motion within a reasonable amount of time. *In re Shredder Co., L.L.C.*, 225 S.W.3d 676, 679 (Tex.App.--El Paso 2006, orig. proceeding). What is considered a reasonable amount of time depends on the circumstances of each case. *Id*.

To establish that the trial court abused its discretion by failing to rule, the relator must show that the trial court: (1) had a legal duty to perform a nondiscretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In re Sepeda*, 143 S.W.3d 871, 872 (Tex.App.--El Paso 2004, orig. proceeding). "'When a motion is properly filed and pending

before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act,' and mandamus may issue to compel the trial court to act." *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex.App.--San Antonio 1997, orig. proceeding).

According to the record before us, Dr. Pollet filed his motion to dismiss on January 8, 2007. The trial court held a hearing to consider several motions, including the motion to dismiss on January 29, 2007. At the hearing's conclusion, rather than granting or denying Dr. Pollet's motion to dismiss, the trial court took the motion "under advisement" and indicated there would be no ruling until after the parties deposed Dr. Blair.

Relief by writ of mandamus is warranted in cases, in which the very act of proceeding to trial- regardless of the outcome -would defeat the substantive right involved. *In re McAllen Medical Ctr., Inc.*, No. 05-0892, 2008 WL 4051053**,** at * 3 (Tex. August 29, 2008)(orig. proceeding). In the medical liability context, a defendant health care provider is entitled to have the claim dismissed with prejudice, as defined by statute, for a plaintiff's failure to timely serve a medical expert report. *See In re Samonte*, 163 S.W.3d 229, 238 (Tex.App.--El Paso 2005, orig. proceeding). The Legislature intended this procedure to preclude extensive discovery and prolonged litigation in frivolous cases. *In re Roberts*, 255 S.W.3d 640, 641 (Tex. 2008)(per curiam)(discussing the legislative intent behind the enactment of former Article 4590i, the predecessor to Chapter 74 of the Texas Civil Practice and Remedies Code). An appeal is not an adequate remedy when a trial court's refusal to rule, and therefore enforce a statutory provision, would frustrate the Legislature's intent. *Id*.

By refusing to rule on Dr. Pollet's motion to dismiss, the trial court has forced Dr. Pollet to expend time and resources in order to participate in an expert deposition which, if the court

later determines the case must be dismissed, would prove useless.[1]  This is an example of the

type of expenditure the Legislature intended to protect physicians from by creating the expert

report requirement, and providing a right to dismissal for a plaintiff's failure to comply.

Accordingly, the trial court abused its discretion by refusing to rule on the motion to dismiss until

after the parties took Dr. Blair's deposition.  Because no adequate remedy exists to remedy the

trial court's error, we conditionally grant mandamus relief.  The writ will issue only if the trial

court fails to rule on the motion to dismiss.


September 25, 2008

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.

---

[1] The parties have provided this Court with significant briefing on the issues of whether Dr. Pollet was properly served with the expert report, and whether Dr. Blair's report is sufficient under the requirements of Texas Civil Practice and Remedies Code section 74.351.  Our authority in the mandamus context is limited to directing the trial court to consider and rule on the pending matters.  *See In re Hearn*, 137 S.W.3d 681, 685 (Tex.App.--San Antonio 2004, orig. proceeding).  We are prohibited from instructing the trial court how to rule.  *Id*.  Therefore, we express no opinion on the issues of service or sufficiency of the expert report.