COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





IN RE:

BROKERS LOGISTICS, LTD. (F/K/A
BROKERS LOGISTICS, INC.) AND
BROKERS LOGISTICS GENPAR, L.L.C.
(GENERAL PARTNER OF BROKERS
LOGISTICS, LTD),

                            Relators.


§
 
§
 
§
 
§
 
§



No. 08-09-00086-CV

AN ORIGINAL PROCEEDING
                        IN MANDAMUS





OPINION ON PETITION FOR WRIT OF MANDAMUS
            Relators seek a writ of mandamus against the Honorable William E. Moody, Presiding Judge
of the 34th District Court of El Paso County, Texas, to compel him to set aside an order striking the
designation of Dr. Randy J. Pollet as a responsible third party. We conditionally grant relief.
FACTUAL SUMMARY
            The real party in interest, Rafael Martinez, filed suit against Relators alleging he was injured
on the premises while making a delivery in the course and scope of his employment with
Aeroground. Relators filed a motion for leave to designate Randy Pollet, M.D. as a responsible third
party under Section 33.004 of the Civil Practice and Remedies Code, alleging that Dr. Pollet’s
negligence in treating Martinez’s injuries caused Martinez’s damages. See Tex.Civ.Prac.&Rem.
Code Ann. § 33.004(a)(Vernon 2008). Relators based their designation on an expert report prepared
by William Blair, M.D. The trial court granted the motion and designated Dr. Pollet as a responsible
third party. As permitted by Section 33.004, Martinez amended his petition within sixty days of the
designation to include a negligence claim against Dr. Pollet.


 When Martinez did not file an expert
report and curriculum vitae within 120 days after filing his claims against Dr. Pollet, Dr. Pollet filed
a motion to dismiss pursuant to Section 74.351(b) of the Civil Practice and Remedies Code. Dr.
Pollet also filed a motion for summary judgment on the ground that the two-year statute of
limitations had expired. During this same time period, Martinez filed a motion to strike the
designation of Dr. Pollet on the ground that Relators had not produced sufficient evidence to raise
a genuine issue of fact regarding Dr. Pollet’s responsibility for Martinez’s injuries or damages. 
Initially, the trial court took Dr. Pollet’s motion to dismiss and Martinez’s motion to strike the
designation under advisement pending discovery. Dr. Pollet challenged the trial court’s failure to
rule by filing a writ of mandamus and we conditionally granted relief on September 25, 2008. See
In re Randy J. Pollet, M.D., 281 S.W.3d 532 (Tex.App.--El Paso 2008, orig. proceeding). 
            On January 6, 2009, the trial court conducted a hearing on Dr. Pollet’s motion to quash the
deposition of Dr. Blair. During this hearing, the trial court expressed a number of concerns about
the responsible third party designation being unfair to Dr. Pollet. First, Dr. Pollet’s insurance carrier
could take the position it did not have a duty to defend, and if the jury found Dr. Pollet was
90 percent responsible, then Dr. Pollet would have a judgment against him for medical malpractice
and the insurance company could raise Dr. Pollet’s premiums. Second, Dr. Pollet’s medical license
could be at risk in the event there was a judgment against him. A few days after this hearing,
Martinez filed another motion to strike the designation because “there is no liability or responsibility
of Dr. Randy J. Pollet under the Health Care Liability Act.” Echoing what Judge Moody had stated
at the previous hearing, Martinez also alleged that permitting Relators to hold Dr. Pollet liable
“would subject Dr. Pollet to potential licensure issues without being able to defend himself against
his accuser, Dr. Blair.” At the conclusion of a hearing held on February 12, 2009, Judge Moody
orally granted Dr. Pollet’s motion to dismiss Martinez’s suit against him.


 Following entry of a
written order dismissing Martinez’s suit against Dr. Pollet and severing that portion of the case into
a new cause number, Martinez filed notice of appeal. The trial court also granted Martinez’s motion
to strike the designation of Dr. Pollet without specifying the basis for the ruling. Relators filed a
mandamus petition to challenge the trial court’s order striking the designation. This mandamus
proceeding does not concern the dismissal of Martinez’s claims against Dr. Pollet.



RESPONSIBLE THIRD PARTY DESIGNATION
            In their sole issue, Relators contend that the trial court abused its discretion by striking the
designation of Dr. Pollet as a responsible third party. Because Judge Moody did not specify the basis
for his ruling, Relators must show that the ruling cannot be upheld on any ground asserted by
Martinez in his motion to strike the designation.
            To be entitled to mandamus relief, a relator must meet two requirements. First, it must show
the trial court clearly abused its discretion. In re Prudential Insurance Company of America, 148
S.W.3d 124, 135 (Tex. 2004). Second, the relator must demonstrate it has no adequate remedy by
appeal. Id. at 136.
            A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to
amount to a clear and prejudicial error of law. In re Ford Motor Company, 165 S.W.3d 315, 317
(Tex. 2005). When reviewing the trial court’s decision for an abuse of discretion, the reviewing
court may not substitute its judgment for that of the trial court with respect to resolution of factual
issues or matters committed to the trial court’s discretion. Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 242 (Tex. 1985); see Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). Review
of the trial court’s determination of the legal principles controlling its ruling is much less deferential.
Walker, 827 S.W.2d at 840. A trial court has no discretion in determining what the law is or
applying the law to the facts, even when the law is unsettled. In re Prudential, 148 S.W.3d at 135.
A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of
discretion. Walker, 827 S.W.2d at 840.
Clear Abuse of Discretion
            Chapter 33 sets forth the statutory scheme for the apportionment of responsibility in tort and
deceptive trade practice actions. See Tex.Civ.Prac.&Rem.Code Ann. § 33.003. Section 33.004(a)
of the Civil Practice and Remedies Code provides:
A defendant may seek to designate a person as a responsible third party by filing a
motion for leave to designate that person as a responsible third party. The motion
must be filed on or before the 60th day before the trial date unless the court finds
good cause to allow the motion to be filed at a later date.

Tex.Civ.Prac.&Rem.Code Ann. § 33.004(a). A court is required to grant leave to designate the
named person as a responsible third party unless another party files an objection on or before the
15th day after the date the motion is served. Tex.Civ.Prac.&Rem.Code Ann. § 33.004(f). If an
objection is timely filed, the court shall grant leave to designate unless the objecting party
establishes: (1) the defendant did not plead sufficient facts concerning the alleged responsibility of
the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and (2) after
having been granted leave to replead, the defendant failed to plead sufficient facts. 
Tex.Civ.Prac.&Rem.Code Ann. § 33.004(g). By granting a motion for leave to designate a person
as a responsible third party, the person named in the motion is designated as a responsible third party
for purposes of the Proportionate Responsibility Chapter of the Civil Practice and Remedies Code
without further action by the court or any party. Tex.Civ.Prac.&Rem.Code Ann. § 33.004(h).
            After adequate time for discovery, a party may move to strike the designation of a responsible
third party on the ground that there is no evidence that the designated person is responsible for any
portion of the claimant’s alleged injury or damages. Tex.Civ.Prac.&Rem.Code Ann. § 33.004(l). 
The court is required to grant the motion to strike unless a defendant produces sufficient evidence
to raise a genuine issue of fact regarding the designated person’s responsibility for the claimant’s
injury or damages. Id.
            The mandamus record reflects that Martinez filed an untimely objection to Relators’ motion
for leave to designate Dr. Pollet as a responsible third party.


 Thus, the trial court complied with the
mandate of Section 33.004(f) by entering an order which designated Dr. Pollet as responsible third
party. Once Dr. Pollet was designated as a responsible third party, the only statutory ground for
striking the designation is that “there is no evidence that the designated person is responsible for any
portion of the claimant’s alleged injury or damage.” Tex.Civ.Prac.&Rem.Code Ann. § 33.004(l). 
Martinez asserted non-statutory grounds in his motion to strike the designation and the trial court
certainly expressed concern at various hearings about the potential negative and unfair consequences
of permitting the designation to stand. The first issue we must address is whether the statutory
ground for striking a designation is the only permissible ground. When construing a statute, we
begin with its language. State v. Shumake, 199 S.W.3d 279, 284 (Tex. 2006). Our primary objective
is to determine the Legislature’s intent which, when possible, we discern from the plain meaning of
the words chosen. Id.; City of San Antonio v. City of Boerne, 111 S.W.3d 22, 25 (Tex. 2003). If the
statute is clear and unambiguous, we must apply its words according to their common meaning
without resort to rules of construction or extrinsic aids. Shumake, 199 S.W.3d at 284; Fitzgerald v.
Advanced Spine Fixation Sys., Inc., 996 S.W.2d 864, 865-66 (Tex. 1999). We may consider other
matters in ascertaining legislative intent, including the objective of the law, its history, and the
consequences of a particular construction. See Tex. Govt. Code Ann. § 311.023(1), (3), (5)(Vernon
2005); Shumake, 199 S.W.3d at 284. It is a well-settled rule of statutory construction that every
word of a statute must be presumed to have been used for a purpose, and those excluded must be
presumed to have been excluded for a purpose. See Quick v. City of Austin, 7 S.W.3d 109, 123 (Tex.
1998). Because statutory construction is a question of law, we review it de novo. Shumake, 199
S.W.3d at 284.
            Section 33.004(l) articulates a single ground for striking a designation of a responsible third
party. If the Legislature had intended to authorize trial courts to strike designations on any other
ground it could have easily indicated that intent in the statute. It did not. The trial court clearly
believed it was unfair to permit the case to proceed against Dr. Pollet given that the court had
dismissed Martinez’s suit against him.


 There is nothing in Section 33.004 that suggests a
designation can be struck if the plaintiff’s suit against the responsible third party is dismissed for
some reason. To the contrary, Section 33.004 permits a claimant to sue a designated responsible
third party but it does not require that the claimant do so for the designation to stand. We conclude
that the plain language of Section 33.004(l) reflects that the Legislature did not intend for a
responsible third party designation to be struck on any ground other than the one contained in the
statute.
            We now consider whether the trial court’s ruling can be upheld on the statutory ground. If
Relators failed to produce sufficient evidence to raise a genuine issue of fact regarding Dr. Pollet’s
responsibility for the claimant’s injury or damages, Section 33.004(l) would have required the trial
court to strike the designation. On the other hand, if Relators produced evidence raising a genuine
issue of fact on that issue, the trial court clearly abused its discretion by striking the designation.
            Relators claim to have offered sufficient evidence to raise an issue of fact regarding
Dr. Pollet’s responsibility for any portion of Martinez’s injury or damages. Dr. Blair’s expert report
described how Dr. Pollet treated Martinez’s knee injury with multiple steroidal injections over a two
month period along with steroidal phonophoretic treatments during physical therapy. Dr. Blair
expressed grave concern over the number of steroidal treatments given in this time-frame and he
believed it was more likely than not that the injections and other steroidal treatments played a
significant role in the degeneration of the articular cartilage subsequently requiring a total knee
replacement. The report states that Dr. Pollet’s treatment of Martinez’s knee injury was excessive,
unnecessary, and more likely than not contributed to a rapid chondrolysis of the articular surfaces
of the knee resulting in a total knee replacement. He also believed that the steroidal treatments
possibly resulted in immune compromise and may have led to post-operative infection. Relators
provided another report by Dr. Blair in which he concluded that: (1) the medical documentation
indicates that clinical protocols initiated by Dr. Pollet resulted in a severe compromise of Martinez’s
left lower leg resulting in a total knee arthroplasty, which became infected and resulted in multiple
surgeries and an unknown long-term prognosis; (2) Dr. Pollet deviated from the acceptable standard
of medical care established by the clinical literature and the standardized guidelines for acceptable
patient care published by the American Academy of Orthopaedic Surgeons; and (3) based upon
Dr. Blair’s analysis of the medical records and the clinical literature, Dr. Pollet’s treatment of
Martinez fell below the acceptable standard of care.
            We conclude that Relators produced sufficient evidence to raise a genuine issue of fact
regarding Dr. Pollet’s responsibility for at least a portion of Martinez’s injury or damages. The trial
court clearly abused its discretion by striking the designation of Dr. Pollet as a responsible third
party. The only remaining issue is whether Relators have an adequate remedy by appeal.
Inadequate Remedy by Appeal
            The adequacy of an appellate remedy must be determined by balancing the benefits of
mandamus review against the detriments. In re Team Rocket, L.P., 256 S.W.3d 257, 262 (Tex.
2008), citing Prudential Insurance Company of America, 148 S.W.3d 124, 136 (Tex. 2004). In
evaluating benefits and detriments, we consider whether mandamus will preserve important
substantive and procedural rights from impairment or loss. Id. We have already determined that
Relators presented sufficient evidence to raise a genuine issue of fact regarding Dr. Pollet’s
responsibility for at least a portion Martinez’s injury or damages. Under these circumstances,
Relators have a statutory right to demand that the trier of fact determine Dr. Pollet’s percentage of
responsibility for Martinez’s injuries or damages. Mandamus review would preserve this valuable
right.
            In addition to impairment of rights, we consider whether mandamus review will “allow the
appellate courts to give needed and helpful direction to the law that would otherwise prove elusive
in appeals from final judgments.” In re Team Rocket, 256 S.W.3d at 262, quoting Prudential, 148
S.W.3d at 136. The trial court’s ruling certainly could be reviewed on appeal in the event Relators
suffer an adverse judgment, but Relators would be required to prove that the court’s error caused the
rendition of an improper judgment in order to obtain a reversal. See Tex.R.App.P. 44.1(a)(1). The
denial of Relators’ right to designate Dr. Pollet as a responsible third party would skew the 
proceedings, potentially affect the outcome of the litigation, and compromise the presentation of
Relators’ defense in ways unlikely to be apparent in the appellate record. See In re Arthur Andersen,
L.L.P., 121 S.W.3d 471, 486 (Tex.App.--Houston [14th Dist.] 2003, orig. proceeding). Thus, it is
possible Relators would be unable to obtain relief on direct appeal from the trial court’s clearly
erroneous ruling.


 Id.
            Finally, we must also consider whether mandamus will spare litigants and the public “the
time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.” 
In re Team Rocket, 256 S.W.3d at 262, quoting Prudential, 148 S.W.3d at 136. It is beyond dispute
that there will be a substantial waste of the litigants’ time and money if they to proceed to trial
without the error being corrected, proceed through the appellate process only to have the judgment
reversed, and then retry the entire case with Dr. Pollet as a designated responsible third party. The
additional expense and effort of preparing for and participating in those trials does not, standing
alone, justify the issuance of a writ of mandamus. See Walker, 827 S.W.2d at 842 (remedy by appeal
not inadequate merely because it may involve more delay or cost than mandamus). Where, however,
a trial court’s error will cause a waste of judicial resources, an appellate court may properly consider
that factor in determining the adequacy of an appeal to remedy the error in question. See id. at 843. 
The potential waste of resources, when combined with the possibility that Relators may not be able
to successfully prosecute an appeal, supports our conclusion that Relators do not have an adequate
remedy at law. Accordingly, we sustain the sole issue presented in the mandamus petition and
conditionally grant mandamus relief. The writ will issue only if the trial court fails to withdraw its
order striking the designation.

May 19, 2010                                                                                                                                                  ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, J., and Antcliff, Judge
Antcliff, Judge, sitting by assignment