ACCEPTED
08-15-00175-CV
EIGHTH COURT OF APPEALS
EL PASO, TEXAS
6/4/2015 12:24:29 PM
DENISE PACHECO
CLERK

# No. 08-15-_____-CV

## In the
## Court of Appeals for the
## Eighth District of Texas

FILED IN
8th COURT OF APPEALS
EL PASO, TEXAS
6/4/2015 12:24:29 PM
DENISE PACHECO
Clerk

## IN RE: MVT SERVICES, L.L.C.,

*Relator.*

## RELATOR'S EMERGENCY MOTION FOR STAY

Relator, MVT Services, L.L.C., respectfully prays for an emergency stay of proceedings in the 205th District Court of El Paso County. A stay is necessary to maintain the status quo and preserve this Court's jurisdiction to consider Relator's contemporaneously-filed petition for a writ of mandamus.

### I.

The mandamus petition involves the district court's refusal to defer to the Texas Department of Insurance, Division of Workers' Compensation, in matters over which the Division has exclusive and primary jurisdiction.

Pending now in the district court is a wrongful-death lawsuit arising from the 2013 death of Lawrence Parada. His surviving family, the Real-Parties-in-Interest, filed suit against Relator, MVT Services, L.L.C. The claimants allege that

46581_1

Parada was an employee of MVT and that he died while in the scope of his employment for MVT.

MVT is a workers' compensation subscriber, as verified by Great West Casualty Company, MVT's workers' compensation carrier. MR0196. Pursuant to the Texas Workers' Compensation Act (the Act), MVT instituted a proceeding to determine compensability with the Division of Workers' Compensation. The Division has exclusive jurisdiction to determine compensability because the Act vests the power to determine whether a claimant is entitled to comp benefits solely with the Division, subject to judicial review. *In re Tyler Asphalt & Gravel Co.*, 107 S.W.3d 832, 839 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding). The Division's exclusive jurisdiction to decide compensability also necessarily encompasses exclusive jurisdiction to determine whether Mr. Lawrence Parada's death occurred in the course and scope of his employment with MVT. *See id.*; TEX. LAB. CODE § 401.110(10).

The doctrine of primary jurisdiction requires that the district court defer to the Division to resolve such issues. *See In re Luby's Cafeterias, Inc.*, 979 S.W.2d 813, 816 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding). The district court "does not have jurisdiction to determine administrative questions *or to adjudicate controversies involving them* until they have been determined" by the Division. *See id.* The lower court had just one choice: to abate its scheduled trial. *See id.* at 817; *Tyler Asphalt*, 107 S.W.3d at 843.

Nevertheless, the district court has refused to abate the lawsuit, which is currently set for trial on June 8, 2015, to permit the Division sufficient time to decide these questions within its exclusive and primary jurisdiction. Its failure to abate the case is a misapplication of the law and an abuse of discretion. *See id*.

MVT has no adequate remedy by appeal because the trial court's actions improperly deny MVT of bargained-for statutory rights under the Act. *See In re Travelers Indem. Co. of Rhode Island*, 109 S.W.3d 10, 13 (Tex. App.—El Paso 2002, orig. proceeding); *Tyler Asphalt*, 107 S.W.3d at 844; *Luby's Cafeterias*, 979 S.W.2d at 817. Accordingly, mandamus relief is warranted. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *In re Lucchese Boot Co.*, 324 S.W.3d 211, 212 (Tex. App.—El Paso 2010, orig. proceeding).

## II.

A stay is necessary to maintain the status quo and preserve this Court's jurisdiction over this mandamus action. *See* TEX. R. APP. P. 52.10; *Rose v. Court of Appeals for the Fifth Supreme Judicial Dist.*, 778 S.W.2d 66, 66 (Tex. 1989) (orig. proceeding) (order); *In re Shields*, 190 S.W.3d 717, 719 (Tex. App.—Dallas 2005, orig. proceeding); *In re Reed*, 901 S.W.2d 604, 609 (Tex. App.—San Antonio 1995) (*en banc* order); *see also City of Dallas v. Wright*, 120 Tex. 190, 195, 36 S.W.2d 973, 975 (1931) ("[A] court, once having obtained jurisdiction of a cause of action . . . may exercise any power, or grant any writ, including the writ of

injunction, necessary to administer justice between the parties, preserve the subject-matter of the litigation, and make its judgment effective.").

The very crux of the mandamus petition is that MVT will forever lose its statutory right to have compensability issues "resolved through the process prescribed by the Act, thereby saving it the time, expense, and uncertainty of litigation." *See Tyler Asphalt*, 107 S.W.3d at 844. Moreover, by forcing MVT to try the negligence claims on June 8 while this mandamus proceeding is pending (as is the Division's review of workers' compensation issues), the trial court would deprive MVT of its right to claim the exclusive-remedy provision of the Act. *See id.*; TEX. LAB. CODE § 408.001. That is, the very fact of a trial going forward, regardless of the outcome, would defeat MVT's substantive rights. *See In re Pollet*, 281 S.W.3d 532, 534 (Tex. App.—El Paso 2008, orig. proceeding).

Therefore, MVT asks the Court to stay the trial. An emergency stay will preserve the status quo and this Court's jurisdiction, that is, to prevent the relief requested in the mandamus petition from becoming moot once MVT is forced to lose its statutory rights under the Act. *See Tyler Asphalt*, 107 S.W.3d at 837 (staying trial pending the appellate court's ruling on the mandamus petition).

## III.

A stay is also necessary to prevent MVT from losing its substantive rights under the Act. In 2008, this Court conditionally granted mandamus relief in a case with similar procedural facts. *In re Pollet*, 281 S.W.3d 532 (Tex. App.—El Paso

2008, orig. proceeding). There, the plaintiff in a workers' compensation lawsuit sued his employer and a treating physician, Dr. Randy Pollet. *See id*. at 533. Pollet moved to dismiss the plaintiff's claims, arguing that the plaintiff failed to comply with the expert-report requirements of CPRC chapter 74. *See id*. at 534. In such cases, that statute protects medical-malpractice defendants from having to participate in discovery until after the threshold question—whether a satisfactory expert report has been provided—has been satisfied. *See id*. at 535.

In *Pollet*, the trial court took the motion "under advisement." *See id*. at 534. That refusal to rule, according to this Court, warranted mandamus relief:

> Relief by writ of mandamus is warranted in cases, in which the very act of proceeding to trial—regardless of the outcome—would defeat the substantive right involved. . . . By refusing to rule on Dr. Pollet's motion to dismiss, the trial court has forced Dr. Pollet to expend time and resources in order to participate in an expert deposition which, if the court later determines the case must be dismissed, would prove useless. This is an example of the type of expenditure the Legislature intended to protect physicians from by creating the expert report requirement, and providing a right to dismissal for a plaintiff's failure to comply.

*Id*. at 534–35 (citing *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 465 (Tex. 2008) (orig. proceeding)).

Here, as in *Pollet*, the Legislature created a statutory scheme to protect defendants (in this case, employers) from the costs of litigation and "exposure to uncertain, possibly high damage awards." *In re Poly-Am., L.P.*, 262 S.W.3d 337, 349 (Tex. 2008) (orig. proceeding). The plaintiffs here must also pass a similar

threshold (*i.e.*, workers' compensation proceedings) before seeking relief (if any) in the courts. *See Tyler Asphalt*, 107 S.W.3d at 840. As in *Pollet*, the trial court in this case took the matter under advisement, thereby threatening to deprive the defendant of substantive, statutory rights. For that reason, mandamus relief is warranted, and a stay of all proceedings is necessary.

## IV.

Finally, a stay is necessary to provide this Court with properly authenticated transcripts of relevant testimony from the oral hearings before the trial court. *See* TEX. R. APP. P. 52.7(a)(2). Those transcripts were requested "on an expedited basis" immediately upon the conclusion of the June 2nd hearing, MR 0202, but are not yet available. Thus, the trial setting must be stayed to preserve this Court's ability to decide the case with a fully supplemented mandamus record. *See* TEX. R. APP. P. 52.7(b).

## PRAYER

Relator, MVT Services, L.L.C., respectfully prays that this Honorable Court grant an emergency stay of all proceedings in the 205th Judicial District Court of El Paso County pending this Court's determination of this mandamus proceeding, and grant Relator any other relief to which it may be entitled.

Respectfully submitted:

ATTORNEY AT LAW

    Robert A. Skipworth
State Bar No. 18473000
rskipworth@aol.com
310 N. Mesa, Suite 600
El Paso, Texas 79901
915.533.0096–telephone
915.544.5348–facsimile

BLANCO ORDOÑEZ MATA &
WALLACE, P.C.

    Steven J. Blanco
State Bar No. 00796217
sblanco@bomwlaw.com
5715 Cromo Drive
El Paso, Texas 79912
915.845.5800–telephone
915.845.5555–facsimile

HOGAN & HOGAN

By: */s/ Richard P. Hogan, Jr.*
    Richard P. Hogan, Jr.
State Bar No. 09802010
rhogan@hoganfirm.com
Jennifer Bruch Hogan
State Bar No. 03239100
jhogan@hoganfirm.com
James C. Marrow
State Bar No. 24013103
jmarrow@hoganfirm.com
Pennzoil Place
711 Louisiana, Suite 500
Houston, Texas 77002
713.222.8800–telephone
713.222.8810–facsimile

QUINTAIROS, PRIETO,
WOOD & BOYER, P.A.

    David M. Hymer
State Bar No. 10380250
1700 Pacific Ave., Suite 4545
Dallas, Texas 75201
214.754.8755–telephone
214.754.8744–facsimile
david.hymer@qpwblaw.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 52.10(a) of the Texas Rules of Appellate Procedure, I certify that on June 4, 2015, I notified all parties by email that the foregoing motion for emergency relief is being filed today.

*/s/ Richard P. Hogan, Jr.*
Richard P. Hogan, Jr.
Dated: June 4, 2015

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing was forwarded to all counsel of record by the Electronic Filing Service Provider, if registered; a true and correct copy of this document was forwarded to all counsel of record not registered with an Electronic Filing Service Provider and to all other parties as follows:

Counsel for Real-Parties-In-Interest:

> James Scherr
> Roberto Oaxaca
> SCHERR & LEGATE, PLLC
> 109 North Oregon, 12th Floor
> El Paso, Texas 79901
> *Via TexFile*

Respondent:

> Hon. Francisco X. Dominguez
> 205th District Court
> 500 E. San Antonio, Suite 1002
> El Paso, Texas 79901
> *Via US Mail*

*/s/ Richard P. Hogan, Jr.*
Richard P. Hogan, Jr.
Dated: June 4, 2015

46307_1

9