**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed July 18, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00455-CV

---

### IN RE ROBERT WALSH, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**165th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2022-02795**

---

## MEMORANDUM OPINION

On June 28, 2023, relator Robert Walsh ("Walsh") filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, Walsh asks this court to compel the Honorable Ursula Hall, presiding judge of the 165th District Court of Harris County, to rule on his motion to compel responses to written discovery and overrule objections. We conditionally grant the petition.

## BACKGROUND

On January 14, 2022, Walsh sued real party in interest Johnson Fence and Masonry, LLC ("Johnson") a designer and installer of decorative and functional residential fencing, for breach of contract and money had and received for Johnson's alleged failure to pay Walsh under an employment contract. Johnson answered the lawsuit and asserted a number of affirmative defenses and subsequently filed counterclaims for breach of fiduciary duty, breach of contract, fraud by nondisclosure, knowing participation in intentional tortious conduct, and civil conspiracy.

On January 20, 2023, Walsh filed a motion to compel responses to written discovery and overrule objections ("motion to compel"). On February 13, 2023, Johnson filed its response to Walsh's motion to compel and, on February 22, 2023, the trial court conducted a hearing. On February 24, 2023, Walsh filed a post-hearing reply to Johnson's response to his motion to compel.

On March 2, 2023, Walsh wrote the trial court asking for a ruling on his motion to compel. On March 3, 2023, Johnson wrote the trial court requesting that the court reset the hearing on Walsh's motion to compel because the court ended the hearing before Johnson was able present its argument and Johnson wanted the opportunity to argue its opposition to the motion.

On March 7, 2023, Walsh wrote the trial court a second letter requesting a ruling on his motion to compel and pointing out that the case was set for trial on April 17, 2023. The August 1, 2022 docket control order provided the following deadlines: (1) designate experts by January 16, 2023; (2) complete discovery by March 13, 2023; and (3) file dispositive motions by March 13, 2023.

Walsh also filed a notice of hearing to continue the February 22, 2023 hearing at 11:45 a.m., on March 13, 2023. At 5:00 p.m., on the day of the March 13, 2023 hearing, Johnson filed a motion to defer ruling on Walsh's motion to compel because Johnson was unable to participate in the hearing due to technical issues. Johnson requested the hearing be reset so that it could present argument on Walsh's motion to compel. On March 27, 2023, Walsh wrote the trial court requesting a ruling on his motion to compel and pointing out that the trial was set for April 17, 2023; the case was not reached.

The trial court heard Walsh's motion to compel on May 15, 2023. Johnson appeared at the hearing and was able to present argument. The trial court stated that it had heard enough to resolve the motion to compel but did not make a ruling at that time.

On May 18, 2023, the trial court issued an order to appear for a formal pretrial conference on July 24, 2023, and a status conference on August 3, 2023. The case was reset for trial to the two-week period beginning on August 7, 2023. The trial court has yet to issue a ruling on the motion to compel.

Upon this court's request for a response to the petition for writ of mandamus, Johnson filed a "notice of non-opposition" to the petition. Based on Walsh's statement that he is not asking this court to rule on the merits of the motion to compel, Johnson requested that we compel the trial court to rule on Walsh's motion.

## STANDARD OF REVIEW

Generally, to be entitled to mandamus relief, relator must establish that (1) the trial court abused its discretion; and (2) relator has no adequate remedy by appeal.

3

*In re Christianson Air Conditioning & Plumbing, LLC*, 639 S.W.3d 671, 681 (Tex. 2022) (orig. proceeding).

The trial courts are required to rule "within a reasonable time" on motions that are properly filed. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act, and mandamus may issue to compel the trial court to act. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). To establish that the trial court abused its discretion by failing to rule, the relator must show that the trial court: (1) had a legal duty to perform a nondiscretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In re Pollet*, 281 S.W.3d 532, 534 (Tex. App.—El Paso 2008, orig. proceeding).

"The test for determining what time period is reasonable is not subject to exact formulation, and no 'bright line' separates a reasonable time period from an unreasonable one." *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi 2014, orig. proceeding). What is considered a reasonable amount of time is dependent upon the circumstances of each case. *In re Shredder Co., L.L.C.*, 225 S.W.3d 676, 679 (Tex.—El Paso 2006, orig. proceeding).

### ANALYSIS

The trial court has been aware of the motion to compel since at least February 22, 2023, when it held the first hearing on the motion. The trial court held two more hearings so that Johnson could present argument. At the conclusion of the third hearing, the trial court stated that it had what it needed to rule on the motion to compel. Walsh made three requests of the trial court to rule on his motion to compel.

When Walsh filed his petition in this court, his motion to compel had been pending for over five months, the trial court had been aware of the motion for over four months, and the trial setting was less than one and one-half months away. We conclude that the trial has had a reasonable time in which to rule on the motion to compel and therefore the trial court abused its discretion by failing to rule on the motion.

## CONCLUSION

We take judicial notice that our court and the First Court of Appeals have repeatedly been petitioned for mandamus relief against the Honorable Ursula A. Hall for failure to rule, including the more than thirty petitions set forth below, which were either granted, or dismissed as moot when the Honorable Ursula A. Hall ruled after the petition for writ of mandamus was filed. *See In re Wal-Mart Stores Tex., LLC*, No. 01-23-00340-CV, 2023 WL 3743089, at *1 (Tex. App.—Houston [1st Dist.] June 1, 2023, orig. proceeding) (per curiam) (mem. op.); *In re Hunter-Kelsey II, LLC*, No. 01-23-00276-CV, 2023 WL 3311468, at *4 (Tex. App.—Houston [1st Dist.] May 9, 2023, orig. proceeding) (per curiam) (mem. op.); *In re Intercontinental Terminals Co.*, No. 01-21-00610-CV, 2022 WL 3363950, at *1 (Tex. App.—Houston [1st Dist.] Aug. 16, 2022, orig. proceeding) (per curiam) (mem. op.); *In re Prosperity Bank*, No. 01-22-00382-CV, 2022 WL 2919941, at *1 (Tex. App.—Houston [1st Dist.] July 26, 2022, orig. proceeding) (per curiam) (mem. op.); *In re Freeport LNG, LLC*, No. 01-21-00701-CV, 2022 WL 2251649, at *3 (Tex. App.—Houston [1st Dist.] June 23, 2022, orig. proceeding) (per curiam) (mem. op.); *In re Eagle Ship Mgmt., LLC*, No. 01-21-00427-CV 2022 WL 479926, at *3 (Tex. App.—Houston [1st Dist.] Feb. 17, 2022, orig. proceeding) (per curiam) (mem. op.); *In re*

*Hoffman*, No. 14-21-00697-CV, 2022 WL 288046, at *1 (Tex. App.—Houston [14th Dist.] Feb. 1, 2022, orig. proceeding) (per curiam) (mem. op.); *In re Josefberg*, No. 01-21-00179-CV, 2021 WL 2149831, at *3 (Tex. App.—Houston [1st Dist.] May 27, 2021, orig. proceeding) (per curiam) (mem. op.); *In re Princeton Capital Corp.*, No. 01-20-00652-CV, 2021 WL 2006471 at *1 (Tex. App.—Houston [1st Dist.] May 20, 2021, orig. proceeding) (per curiam) (mem. op.); *In re Robbins*, 622 S.W.3d 600, 602 (Tex. App.—Houston [14th Dist.] 2021, orig. proceedings) (per curiam); *In re Advantage Cars.com*, No. 01-20-00863-CV, 2021 WL 1217326, at *1 (Tex. App.—Houston [1st Dist.] Apr. 1, 2021, orig. proceeding) (per curiam) (mem. op.); *In re Estate of Burnett*, No. 14-20-00757-CV, 2020 WL 6878564, at *1 (Tex. App.—Houston [14th Dist.] Nov. 24, 2020, orig. proceeding) (per curiam) (mem. op.); *In re First Am. Title Ins. Co.*, No. 14-20-00563-CV, 2020 WL 5186622, at *1 (Tex. App.— Houston [14th Dist.] Sept. 1, 2020, orig. proceeding) (per curiam) (mem. op.); *In re Nomarco, Inc.*, No. 14-20-00129-CV, 2020 WL 1181705, at *1 (Tex. App.— Houston [14th Dist.] Mar. 12, 2020, orig. proceeding) (per curiam) (mem. op.); *In re SMS Fin. XV, L.L.C.*, No. 01-19-00850-CV, 2020 WL 573247, at *2 (Tex. App.—Houston [1st Dist.] Feb. 6, 2020, orig. proceeding) (per curiam) (mem. op.); *In re Maltz*, No. 01-19-00749-CV, 2019 WL 5792193, at *1 (Tex. App.—Houston [1st Dist.] Nov. 7, 2019, orig. proceeding) (per curiam) (mem. op.); *In re City of Houston*, No. 01-19-00700-CV, 2019 WL 4677367, at *1 (Tex. App.—Houston [1st Dist.] Sept. 26, 2019, orig. proceeding) (per curiam) (mem. op.); *In re Elizon Master Participate Tr. I*, No. 14-19-00593-CV, 2019 WL 3727364, at *1 (Tex. App.— Houston [14th Dist.] Aug. 8, 2019, orig. proceeding) (per curiam) (mem. op.); *In re Tomball Tex. Hosp. Co., LLC*, No. 01-19-00242-CV, 2019 WL 3418569, at *5 (Tex. App.—Houston [1st Dist.] July 30, 2019, orig. proceeding) (per curiam) (mem. op.);

*In re Baylor Coll. of Med.*, No. 01-19-00105-CV, 2019 WL 3418504, at *4 (Tex. App.—Houston [1st Dist.] July 30, 2019, orig. proceeding) (per curiam) (mem. op.); *In re Univ. of Tex. MD Anderson Cancer Ctr.*, No. 01-19-00201-CV, 2019 WL 3418567, at *3 (Tex. App.—Houston [1st Dist.] July 30, 2019, orig. proceeding) (per curiam) (mem. op.); *In re Univ. of Tex. MD Anderson Cancer Ctr.*, No. 01-19-00202-CV, 2019 WL 3418568, at *4 (Tex. App.—Houston [1st Dist.] July 30, 2019, orig. proceeding) (per curiam) (mem. op.); *In re ABC Assembly LLC*, No. 14-19-00419-CV, 2019 WL 2517865 (Tex. App.—Houston [14th Dist.] June 18, 2019, orig. proceeding) (per curiam) (mem. op.); *In re Harris Ct.y Appraisal Dist.*, No. 14-19-00078-CV, 2019 WL 1716274, at *1 (Tex. App.—Houston [14th Dist.] Apr. 18, 2019, orig. proceeding) (per curiam) (mem. op.); *In re Underwriters at Lloyds of London*, No. 01-18-00760-CV, 2018 WL 6318509, at *1 (Tex. App.—Houston [1st Dist.] Dec. 4, 2018, orig. proceeding) (per curiam) (mem. op.); *In re Coffey*, No. 14-18-00124-CV, 2018 WL 1627592, at *2 (Tex. App.—Houston [14th Dist.] Apr. 5, 2018, orig. proceeding) (per curiam) (mem. op.); *In re Socie*, No. 01-18-00414-CV, 2018 WL 3625443, at *1 (Tex. App.—Houston [1st Dist.] July 31, 2018, orig. proceeding) (per curiam) (mem. op.); *In re Underwriters at Lloyds of London*, No. 01-18-00196-CV, 2018 WL 1597480, at *1 (Tex. App.—Houston [1st Dist.] Apr. 3, 2018, orig. proceeding) (per curiam) (mem. op.); *In re Fiesta Mart, L.L.C.*, No. 14-18-00180-CV, 2018 WL 1476261, at *1 (Tex. App.—Houston [14th Dist.] Mar. 27, 2018, orig. proceeding) (per curiam) (mem. op.); *In re PDVSA Servs., Inc.*, No. 14-17-00824-CV, 2017 WL 6459227, at *1 (Tex. App.—Houston [14th Dist.] Dec. 19, 2017, orig. proceeding) (per curiam) (mem. op.).

Having determined that the trial court abused its discretion by not ruling on Walsh's motion to compel, we conditionally grant relator's petition for writ of mandamus and direct the trial court to rule on Walsh's motion to compel. However, we do not instruct the trial court on how to rule on the motion to compel.[1] We are confident the trial court will act in accordance with this opinion and a writ will issue only if the trial court fails to comply.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Zimmerer and Poissant.

---

[1] While we have jurisdiction to direct the trial court to exercise its discretion, we are not permitted to tell the trial court how to rule on the motion to compel. *See In re ReadyOne Indus., Inc.*, 463 S.W.3d 623, 624 (Tex. App.—El Paso 2015, orig. proceeding).