**Amended Petition for Writ of Mandamus Denied and Memorandum Opinion filed August 31, 2023.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-23-00519-CV**

**IN RE CHRISTOPHER DUPUY, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**306th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 21-FD-0711**

## MEMORANDUM OPINION

On August 14, 2023, relator Christopher Dupuy filed an amended petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the amended petition, relator asks this court to compel the

Honorable Anne Darring, presiding judge of the 306th District Court of Galveston County, to rule on several pending matters.

## BACKGROUND

On April 5, 2021, relator's former wife ("Wife") filed an application for a protective order with a supporting declaration. Wife subsequently filed an amended application and a second amended application. In response to each application, relator filed objections and special exceptions with a request for a submission date. Relator also requested sanctions against Wife and her attorney, asserting that Wife's amended and second amended applications were frivolous and harassing. Relator further filed a motion to compel discovery and for sanctions and request for a hearing, with an attached notice of submission for the trial court to set a date for the hearing. Wife filed a motion to quash subpoena duces tecum on June 29, 2021, and relator filed a response to Wife's motion to quash on July 6, 2021.

On July 14, 2021, relator emailed the court coordinator, requesting rulings by the trial court on "all pending matters":

> The attached notice of submission was e-filed today.
>
> Request is again made that the Court decide all pending matters by submission.

The court coordinator responded the next day:

> I apologize it will be awhile before we have any hearings on your case as we work out logistics because of the courthouse fire.

On August 16, 2021, relator sent a second email to the court coordinator requesting the following:

Request is again made that the Court exercise its ministerial duty and consider Respondent's pending motions by SUBMISSION. Another copy of the Notice of Submission is attached.

Please consider this a final request for a SUBMISSION date for Respondent's pending requests. In re Nomarco, No. 14-20-00129-CV, 2020 Tex. App. LEXIS 2124 (Tex. App. – Houston [14th Dist.] March 12, 2020).

In a third email dated September 3, 2023, relator advised the court coordinator that "The attached Notice of Submission was e-filed this afternoon." The notice of submission set the following matters for submission at 9:00 a.m., on September 17, 2021:

- "Respondent's Additional Objections" which were filed on April 6, 2021;

- "Respondent's Special Exceptions," which were filed on April 6, 2021;

- "Respondent's Motion to Compel and for Sanctions," which was filed on May 7, 2021;

- "Respondent's Special Objections to Applicant's Amended Application for Protective Order and Request for Sanctions against Applicant and her Attorney for Repeated Frivolous and Harassing Filings," which were filed on April 28, 2021;

3

- "Respondent's Special Objections to Applicant's Second Amended Application for Protective Order and Request for Sanctions against Applicant and her Attorney for Repeated Frivolous and Harassing Filings," which were filed on May 5, 2021; and

- "Applicant's Motion to Quash and Respondent's Response," which were filed on June 29, 2021, and July 6, 2021, respectively.

When relator filed his amended petition for writ of mandamus, the trial court had not ruled on the above matters. Relator asserts that the trial court has failed to fulfill its ministerial duty to timely consider and rule on the above matters, which have been filed and submitted.

### ANALYSIS

Generally, to be entitled to mandamus relief, relator must establish that (1) the trial court abused its discretion; and (2) relator has no adequate remedy by appeal. *In re Christianson Air Conditioning & Plumbing, LLC*, 639 S.W.3d 671, 681 (Tex. 2022) (orig. proceeding).

The trial courts are required to rule "within a reasonable time" on motions that are properly filed. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act, and mandamus may issue to compel the trial court to act. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). To establish that the trial court abused its discretion by failing to rule, the relator must

4

show that the trial court: (1) had a legal duty to perform a nondiscretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In re Pollet*, 281 S.W.3d 532, 534 (Tex. App.—El Paso 2008, orig. proceeding).

Relator contends that the complained-of motions have been pending for more than two years without the trial court having ruled on them. Relator last requested submission and rulings on the pending motions two years ago. The court coordinator responded to relator's first email by explaining that it would be a while before the court considered relator's pending matters because of a recent fire at the courthouse. Relator has not shown that the trial court was no longer facing logistical difficulties at that time.

Relator has not provided a record of what has occurred in the case since September 3, 2021, or that he has followed up with the trial court more recently by renewing his request that it rule on the pending matters. Relator has not satisfied his burden to provide a sufficient record establishing his right to a writ of mandamus. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

## CONCLUSION

Relator has not shown that he is entitled to mandamus relief. Accordingly, we deny relator's amended petition for writ of mandamus without prejudice to refiling after he has renewed his request for the trial court to rule on the above-listed pending matters, if necessary.

PER CURIAM

Panel consists of Justices Jewell, Hassan, and Wilson.

5