**Opinion issued July 30, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00242-CV

———————————

# IN RE TOMBALL TEXAS HOSPITAL COMPANY, LLC D/B/A TOMBALL REGIONAL MEDICAL CENTER, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, Tomball Texas Hospital Company, LLC d/b/a Tomball Regional Medical Center ("TTHC"), filed a petition for a writ of mandamus seeking to compel the respondent district judge to rule on TTHC's pending "Amended Objections to Plaintiffs' Chapter 74 Expert Report and Motion to Dismiss," real party in interest Dr. Adrian Santamaria's "Motion for Interlocutory Summary Judgment," which TTHC joined, and TTHC's "Amended Traditional Motion for Summary Judgment"

in the underlying proceeding.[1] This Court requested a response, and the real parties in interest filed an untimely one consenting to the relief sought by TTHC for the respondent to rule on the motions, but not to direct respondent how to rule on them.

Because the respondent has not ruled on the motions within a reasonable time, under the circumstances, we conditionally grant the petition.

**Background**

**A.    Procedural History in the Trial Court**

On December 15, 2016, real parties in interest ("RPIs") George Pickering II ("Father") and George Pickering III ("Son") filed their original petition in Harris County alleging negligent representation and fraud claims against RPI Dr. Santamaria and a respondeat superior claim against relator TTHC, contending that it was vicariously liable for Dr. Santamaria's misrepresentations and negligence because he was employed by TTHC. RPIs Father and Son then filed their amended petition on January 16, 2017, raising the same negligent representation and fraud claims against RPI Dr. Santamaria, but elaborating on the negligent representation claim, and alleging the same respondeat superior claim against relator TTHC. The Amended Petition conceded that these claims are all health care liability claims by

---

[1]    The underlying case is *George Pickering II and George Pickering III v. Adrian Santamaria, M.D. and Tomball Regional Medical Center*, Cause No. 2016-86070, pending in the 165th District Court of Harris County, Texas, the Honorable Ursula A. Hall presiding.

2

stating that notices of health care liability claims were served on RPI Dr. Santamaria and relator TTHC on June 30, 2016.

Father contends that RPI Dr. Santamaria incorrectly diagnosed his Son, who was admitted to TTHC for a stroke on January 8, 2015, as not yet brain dead, but with a poor prognosis regarding neurological deficit, and that there was a small window for Son to pass away peacefully by removing life support, rather than remain in a vegetative state. Father claims that, when Son's brother told him that he needed to come to see Son because the hospital was going to remove Son's life support, Father showed up at TTHC with a gun to try to prevent the removal of Son's life support. Father surrendered to police and was arrested, and he was later prosecuted and incarcerated for several months, which he contends was all proximately caused by Dr. Santamaria's misdiagnosis because Son was not brain dead at that time.

RPIs Father and Son served an expert report from Dr. George A. Lopez on RPI Dr. Santamaria and relator TTHC, as required by Texas Civil Practice and Remedies Code § 74.351, on June 7, 2017. That was timely served within 120 days of the filing of RPI Dr. Santamaria's answer on February 7, 2017, and relator TTHC's answer on February 10, 2017.

On June 13, 2017, RPI Dr. Santamaria timely filed his "Objection to Plaintiffs' Expert Report and Motion to Dismiss," and relator TTHC timely filed its similar "Objections to Plaintiffs' Chapter 74 Expert Report and Motion to Dismiss,"

3

on June 28, 2017, within 21 days of service of the expert report. Both motions to dismiss attacked Dr. Lopez's report as inadequate because it failed to set out the statutorily-required applicable standard of care, any breach of a standard of care, and the causal relationship between any acts or omissions and the injury, harm, or damages claimed by RPIs Father and Son. On August 9, 2017, TTHC filed its "Amended "Objections to Plaintiffs' Chapter 74 Expert Report and Motion to Dismiss." Both TTHC's amended motion and RPI Dr. Santamaria's motion to dismiss were set for a hearing on August 14, 2017, along with RPI Dr. Santamaria's "Motion for Interlocutory Summary Judgment," which he had filed on June 13, 2017. On July 7, 2017, relator TTHC joined in RPI Dr. Santamaria's interlocutory summary judgment motion, which contended that RPIs Father and Son could not prove that RPI Dr. Santamaria's prognosis was the proximate cause of Father's criminal episode or, by extension, that TTHC was vicariously liable for RPI Dr. Santamaria.

On July 24, 2017, after filing responses to the motions to dismiss and for interlocutory summary judgment, RPIs Father and Son filed a Second Amended Petition keeping the same three claims, but adding a retaining-control claim against relator TTHC. On August 14, 2017, the respondent conducted an oral hearing on relator TTHC's amended motion to dismiss and RPI Dr. Santamaria's motions to

4

dismiss and for interlocutory summary judgment, but no ruling was made on any of the motions.

On November 16, 2017, relator TTHC filed its "Amended Traditional Motion for Summary Judgment" contending that all claims should be dismissed against TTHC because it was not vicariously liable for RPI Dr. Santamaria, who was not TTHC's agent or otherwise under TTHC's control at the time of the incident. After RPIs Father and Son responded, the respondent conducted an oral hearing on relator TTHC's "Amended Traditional Motion for Summary Judgment" on January 25, 2018, but no ruling was made by respondent.

Since the August 14, 2017 and January 25, 2018 motion hearings, relator TTHC has emailed or filed requests for rulings from the respondent on its motions to dismiss and for summary judgment eleven different times from February 2018-December 2018, but the respondent has yet to rule. These requests included emails or calls by TTHC on February 21 and 27, March 20, April 17, May 9, and July 3, 2018, to the trial court coordinator, through filing an "Agreed First Motion for Continuance" on March 19, 2018, and another "Motion for Continuance and Request for Ruling" on September 24, 2018, explaining that it was impossible to prepare for trial due to the stay of discovery imposed by the motions to dismiss, which were pending the respondent's rulings. The respondent did not rule on the underlying

motions, but granted the continuances and reset the trial date two times until January 7, 2019.

After relator TTHC filed a "Second Motion for Continuance and Request for Ruling" on December 14, 2018, the trial court coordinator emailed the parties cancelling the pretrial conferences and requesting a "Certificate of Not Ready for Trial." TTHC filed its "Certificate of Not Ready for Trial" on December 17, 2018, explaining that the parties had not exchanged pretrial items because discovery was stayed due to their Chapter 74 motions to dismiss, which was still pending the respondent's rulings, and RPIs Father and Son filed a similar "Certificate of Not Ready for Trial." On December 18, 2018, TTHC filed a letter with the respondent and trial court coordinator requesting an oral hearing on its "Second Motion for Continuance and Request for Ruling" to discuss the pending dispositive motions, but this motion has not been set for a hearing.

B.    **Procedural History in this Court**

On April 3, 2019, relator TTHC filed this mandamus petition seeking to compel the respondent to rule on the three pending motions. TTHC claims that the respondent has a legal duty to rule on these motions and that it has notified respondent that it requested rulings on its "Amended Objections to Plaintiffs' Chapter 74 Expert Report and Motion to Dismiss" and RPI Dr. Santamaria's "Motion for Interlocutory Summary Judgment," which TTHC joined and which have

6

been pending for more than nineteen months, and TTHC's "Amended Traditional Motion for Summary Judgment," which has been pending for more than fourteen months, and that the respondent had abused her discretion by failing to rule on them after a reasonable time period. TTHC claims that it has been harmed by incurring unnecessary litigation expenses due to respondent's failure to rule, and that it lacks an adequate remedy because no interlocutory appeal may be filed until an order is signed. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(9)–(10).

This Court's April 9, 2019 Order requested and received one response to the petition. On June 12, 2019, the RPIs Father and Son untimely filed a response consenting to the relief sought by TTHC for the respondent to rule on the motions, but not to direct respondent how to rule on them.

### Standard of Review

Mandamus is an extraordinary remedy, available only when the relator can show both that: (1) the trial court clearly abused its discretion or violated a duty imposed by law; and (2) there is no adequate remedy by way of appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding).

## Analysis

### A. Clear Abuse of Discretion

When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling on that motion is a ministerial act. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992) (orig. proceeding) (denying mandamus petitions to compel trial court to conduct hearings). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). A trial court is required to rule on a motion within a reasonable time after the motion has been submitted to the court for a ruling or a ruling on the motion has been requested. *In re Foster,* 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam).

To establish that the trial court abused its discretion by failing to rule on a properly pending motion, the relator must establish that the trial court: (1) had a legal duty to perform a nondiscretionary act; (2) was asked to perform the act; and (3) failed or refused to do so within a reasonable time. *See O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding); *see also In re Mesa Petroleum Partners, L.P.*, 538 S.W.3d 153, 156 (Tex. App.—El Paso 2017, orig. proceeding); *In re Pollet*, 281 S.W.3d 532, 534 (Tex. App.—El Paso 2008, orig.

8

proceeding). Whether a reasonable time for the trial court to act has lapsed depends on the circumstances of the case. *Blakeney*, 254 S.W.3d at 662. "The test for determining what time period is reasonable is not subject to exact formulation, and no 'bright line' separates a reasonable time from an unreasonable one." *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding) (citations omitted).

The Texas Medical Liability Act defines a health care liability claim as any cause of action against a health care provider or physician for treatment or lack of treatment, which results in injury to the claimant, whether the claim sounds in tort or contract. *See* TEX. CIV. PRAC. & REM. CODE § 74.001(a)(13); *Scott v. Weems*, 575 S.W.3d 357, 363 (Tex. 2019). Here, RPIs Father and Son's Second Amended Petition conceded that their respondeat superior and retaining-control claims against relator TTHC, and negligent representation and fraud claims against RPI Dr. Santamaria, were health care liability claims. *See also In re McAllen Med. Ctr., Inc.,* 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding) (holding fraud and misrepresentation claims against physician and, through vicarious liability, his hospital, were health care liability claims); *see also Scott*, 575 S.W.3d at 364 (holding record-falsification claim against nurse was health care liability claim because it arose from care victim received from that nurse, and plaintiff alleged that

9

nurse had proximately caused his injuries—being indicted and incarcerated for shooting victim).

Because RPIs Father and Son alleged health care liability claims, these required service of an adequate expert report, which they timely served with Dr. Lopez's report on June 7, 2017. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(a); *Scott*, 575 S.W.3d at 360–61 (Texas Medical Liability Act requires claimant pursuing health care liability claim to timely serve "adequate expert report within 120 days after the answer is filed, absent an extension, and "[f]ailure to do so requires dismissal with prejudice."). However, Dr. Lopez's expert report only listed the standards of care for RPI Dr. Santamaria, such as "No documentation of an independent review of the radiological films," and did not list any for relator TTHC. *See McAllen Med. Ctr.*, 275 S.W.3d at 463 ("The standard of care for a hospital is what an ordinarily prudent hospital would do under the same or similar circumstances.") (citation omitted). Also, Dr. Lopez's expert report merely repeated the same facts from the original petition and nothing in it suggested that relator TTHC "controlled the details of [RPI Dr. Santamaria's] medical tasks (a requirement for hospital liability). . . ." *McAllen Med. Ctr.*, 275 S.W.3d at 464. Thus, because Dr. Lopez's expert report was inadequate, the respondent had a legal duty to perform a nondiscretionary act to rule on the motions to dismiss. *See id.* at 464; *Pollet*, 281 S.W.3d at 534.

10

Moreover, the record shows that relator TTHC's "Amended Objections to Plaintiffs' Chapter 74 Expert Report and Motion to Dismiss," filed on August 9, 2017, and RPI Dr. Santamaria's "Motion for Interlocutory Summary Judgment," filed on June 13, 2017, which TTHC joined, has been pending for more than nineteen months, and TTHC's "Amended Traditional Motion for Summary Judgment," filed on November 16, 2017, has been pending for more than fourteen months, at the time of filing this mandamus petition. Despite several requests for a ruling, the respondent has yet to rule on any of the three motions, and the record shows no reason for respondent's delay. Relator TTHC claims that the respondent's delay in ruling is causing them substantial harm because they had to incur unnecessary litigation expenses.

We take judicial notice that our Court is granting mandamus relief in four different petitions against the same respondent, the Honorable Ursula Hall, for failing to rule on pending Chapter 74 motions to dismiss or pleas to the jurisdiction within a reasonable time after they were submitted. *See In Baylor College of Medicine*, No. 01-19-00105-CV (Tex. App.—Houston [1st Dist.] July 30, 2019, orig. proceeding) (granting mandamus relief to direct Judge Ursula Hall to rule on relator's Chapter 74 motion to dismiss pending over ten months); *In Texas Children's Hosp.*, No. 01-19-00142-CV (Tex. App.—Houston [1st Dist.] July 30, 2019, orig. proceeding) (granting mandamus relief to direct Judge Ursula Hall to

11

rule on relator's Chapter 74 motion to dismiss pending over eleven months); *In re The Univ. of Tex. MD Anderson Cancer Ctr.*, No. 01-19-00201-CV (Tex. App.—Houston [1st Dist.] July 30, 2019, orig. proceeding) (granting mandamus relief to direct Judge Ursula Hall to rule on relator's plea to jurisdiction pending over one year); *In re The Univ. of Tex. MD Anderson Cancer Ctr.*, No. 01-19-00202-CV (Tex. App.—Houston [1st Dist.] July 30, 2019, orig. proceeding) (granting mandamus relief to direct Judge Ursula Hall to rule on relator's Chapter 74 motion to dismiss pending over one year).

We also take judicial notice that our sister court has granted mandamus relief in four separate petitions against the same respondent for failing to rule on pending pleas/motions within a reasonable time after they were submitted for shorter periods of time than alleged in these petitions. *See In re ABC Assembly LLC*, No. 14-19-00419-CV, 2019 WL 2517865, at *2 (Tex. App.—Houston [14th Dist.] June 18, 2019, orig. proceeding) (per curiam) (mem. op.) (granting mandamus relief to direct Judge Ursula Hall to rule on relator's motion for entry of judgment pending about eight months); *In re Harris Cty. Appraisal Dist.*, No. 14-19-00078-CV, 2019 WL 1716274, at *3–4 (Tex. App.—Houston [14th Dist.] Apr. 18, 2019, orig. proceeding) (granting mandamus relief to direct Judge Ursula Hall to rule on relator's plea to jurisdiction pending over six months); *In re Coffey*, No. 14-18-00124-CV, 2018 WL 1627592, at *2 (Tex. App.—Houston [14th Dist.] Apr. 5, 2018, orig. proceeding)

(granting mandamus relief to direct Judge Ursula Hall to rule on relator's motion to confirm arbitration award pending over four months); *In re PDVSA Servs., Inc.*, No. 14-17-00824-CV, 2017 WL 6459227, at *4 (Tex. App.—Houston [14th Dist.] Dec. 19, 2017, orig. proceeding) (granting mandamus relief, in part, to direct Judge Ursula Hall to rule on relator's motion to submit appeal, of order of appraisal review board to nonbinding arbitration, pending over eight months).

Accordingly, we conclude, under these circumstances where the motions are opposed, but have been pending over fourteen and nineteen months, respectively, and it appears that the delay in ruling is prejudicing relator, that the respondent has abused her discretion. For these reasons, we hold that the respondent failed to perform her ministerial duty to rule on the Chapter 74 motions to dismiss and summary judgment motions within a reasonable time after they were submitted. *See Foster*, 503 S.W.3d at 607.

## B.  Adequacy of Appellate Remedy

Relief by writ of mandamus is warranted in cases in which the very act of proceeding to trial—regardless of the outcome—would defeat the substantive right involved. *McAllen Med. Ctr.*, 275 S.W.3d at 465. "The Texas Medical Liability Act (Act) requires a claimant pursuing a 'health care liability claim' to timely serve an adequate expert report" within 120 days after the answer is filed, absent an extension,

and "[f]ailure to do so requires dismissal with prejudice." *Scott*, 575 S.W.3d at 360–61.

Until the expert report is served, all discovery is stayed in a health care liability claim. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(s). The Legislature intended this procedure to preclude extensive discovery and prolonged litigation in frivolous cases. *In re Roberts*, 255 S.W.3d 640, 641 (Tex. 2008) (per curiam) (discussing legislative intent behind enactment of former Article 4590i, predecessor to Chapter 74 of Texas Civil Practice and Remedies Code); *see also Pollet*, 281 S.W.3d at 535. An appeal is not an adequate remedy when a trial court's refusal to rule on a motion, and therefore enforce a statutory provision, would frustrate the Legislature's intent. *Roberts*, 255 S.W.3d at 641; *see also Pollet*, 281 S.W.3d at 535. Thus, TTHC lacks an adequate appellate remedy for the respondent's failure to rule on its Chapter 74 motion to dismiss, and the related summary judgment motions, within a reasonable time. *See Pollet*, 281 S.W.3d at 535 (granting mandamus relief after holding that relator had no adequate remedy for trial court's failure to rule on Chapter 74 motion to dismiss within reasonable time period).

## CONCLUSION

Accordingly, we conditionally grant relator TTHC's mandamus petition and direct the respondent trial court to rule on TTHC's pending "Amended Objections to Plaintiffs' Chapter 74 Expert Report and Motion to Dismiss," RPI Dr.

Santamaria's "Motion for Interlocutory Summary Judgment," which TTHC joined, and TTHC's "Amended Traditional Motion for Summary Judgment," before ruling on other motions. We express no opinion as to the merits of any of the issues raised in the motions. *See Harris Cty. Appraisal Dist.*, 2019 WL 1716274, at *4 (citing *In re ReadyOne Indus., Inc.*, 463 S.W.3d 623, 624 (Tex. App.—El Paso 2015, orig. proceeding) (stating that while appellate court has jurisdiction to direct trial court to exercise its discretion, it is not permitted to tell trial court how to rule on pending motion)). We are confident that the trial court will comply, and our writ will issue only if it does not comply within 30 days of the date of this opinion.

**PER CURIAM**

Panel consists of Justices Keyes, Kelly, and Goodman.