**Opinion issued July 30, 2019**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

## NO. 01-19-00105-CV

————————————

## IN RE BAYLOR COLLEGE OF MEDICINE, Relator

————————————

## NO. 01-19-00142-CV

————————————

## IN RE TEXAS CHILDREN'S HOSPITAL, Relator

---

**Original Proceedings on Petitions for Writ of Mandamus**

---

### MEMORANDUM OPINION

Relator, Baylor College of Medicine ("BCOM"), filed a petition for a writ of mandamus seeking to compel the respondent district judge to rule on BCOM's pending motion to dismiss for failure to serve an expert medical report under Chapter 74 of the Texas Civil Practice and Remedies Code, which was assigned to 01-19-

00105-CV.  Relator Texas Children's Hospital ("TCH"), BCOM's co-defendant below, filed a similar mandamus petition also seeking to compel the respondent to rule on its pending Chapter 74 motion to dismiss, which was assigned to 01-19-00142-CV.[1]  This Court requested responses in both cases, but none were timely filed.

Because the respondent has not ruled on the motions to dismiss within a reasonable time, under the circumstances, we conditionally grant the two petitions.

## Background

### A. Procedural History in the Trial Court

On August 2, 2017, real party in interest ("RPI") Melanie Harris filed her original petition in Harris County against BCOM and TCH alleging libel, civil conspiracy, abuse of process, fraud, and intentional infliction of emotional distress claims.  Harris claims that, after she moved to Houston from New York City in March 2014, TCH physicians, on March 26, 2014, incorrectly diagnosed that her minor daughter, N.S., appeared "malnourished."  Then Harris contends that TCH physicians improperly reported their misdiagnosis to the New York City Administration for Children's Services ("ACS") who issued an Amber Alert that

---

[1]     The underlying case for both petitions is *Melanie Harris v. Texas Children's Hospital, Baylor College of Medicine*, Cause No. 2017-49635, pending in the 165th District Court of Harris County, Texas, the Honorable Ursula A. Hall presiding.

caused her to return to New York City where ACS temporarily removed N.S., allegedly just for TCH's bills to be paid.

After RPI Harris failed to serve an expert report on BCOM and TCH in Harris County, as required by Texas Civil Practice and Remedies Code § 74.351 within 120 days of the filing of BCOM's and TCH's answers on August 31, 2017, BCOM filed its original motion to dismiss on January 11, 2018, and TCH filed its similar motion to dismiss on January 15, 2018. On February 9, 2018, RPI Harris filed a combined response to the relators' motions to dismiss contending that, because her lawsuit was not a health care liability claim subject to Chapter 74, no expert report was required.

On March 7, 2018, the respondent sua sponte passed the hearing on relators' motions to dismiss because they did not contain certificates of conference. Relator TCH filed its "Second Amended Motion to Dismiss Pursuant to CPRC § 74.351(b)" on March 21, 2018, and relator BCOM filed its "Amended and Opposed Motion to Dismiss" on March 27, 2018, both with certificates of conference.

On May 3, 2018, an oral hearing was held on relators' amended motions to dismiss, but RPI Harris's counsel failed to appear. At the end of the hearing, the respondent stated that the issues appeared straightforward, but she took the motions under advisement and indicated that she anticipated entry of an order granting the motions within one week, and that counsel should email the court if no order was entered by then. Since that hearing, relators have emailed or filed several requests

for rulings from the respondent on their motions to dismiss from May 2018-February 2019, but the respondent has yet to rule. These requests included emails on May 10, 2018, and July 2, 2018, at status conferences on August 13 and 27, 2018, with its August 30, 2018 and February 13, 2019 pre-trial submissions, pursuant to the Docket Control Order, and an October 26, 2018 "Motion for Entry of Order," but the respondent reset the bench trial date two times until March 4, 2019.

## B.     Procedural History in this Court

On February 13, 2019, relator BCOM filed this mandamus petition seeking to compel the respondent to rule on its pending Chapter 74 motion to dismiss for failure to timely serve an expert report. BCOM claims that it has incurred unnecessary litigation expenses due to respondent's failure to rule, and that it lacks an adequate remedy because no interlocutory appeal may be filed until an order is signed. BCOM also filed a motion for temporary relief to stay the underlying proceedings including the March 4, 2019 bench trial setting, pending this Court's disposition of its petition. *See* TEX. R. APP. P. 52.10(a). This Court's February 15, 2019 Order granted the motion and requested a response to the petition, but none has been timely filed.

On March 1, 2019, relator TCH filed a similar mandamus petition also seeking to compel the respondent to rule on its pending Chapter 74 motion to dismiss in the same underlying cause number 2017-49635. TCH similarly claims that it has incurred unnecessary litigation expenses due to respondent's failure to rule, and that

4

it lacks an adequate remedy because no interlocutory appeal may be filed until an order is signed. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(9)–(10). This Court's March 5, 2019 Order requested a response to TCH's petition, but none has been timely filed.

## Standard of Review

Mandamus is an extraordinary remedy, available only when the relator can show both that: (1) the trial court clearly abused its discretion or violated a duty imposed by law; and (2) there is no adequate remedy by way of appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding).

## Analysis

### A. Clear Abuse of Discretion

When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling on that motion is a ministerial act. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992) (orig. proceeding) (denying mandamus petitions to compel trial court to conduct hearings). A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). A trial court is required to rule on a motion within a reasonable time after the motion

has been submitted to the court for a ruling or a ruling on the motion has been requested. *In re Foster,* 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam).

To establish that the trial court abused its discretion by failing to rule on a properly pending motion, the relator must establish that the trial court: (1) had a legal duty to perform a nondiscretionary act; (2) was asked to perform the act; and (3) failed or refused to do so within a reasonable time. *See O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding); *see also In re Mesa Petroleum Partners, L.P.*, 538 S.W.3d 153, 156 (Tex. App.—El Paso 2017, orig. proceeding); *In re Pollet*, 281 S.W.3d 532, 534 (Tex. App.—El Paso 2008, orig. proceeding). Whether a reasonable time for the trial court to act has lapsed depends on the circumstances of the case. *In re Blakeney*, 254 S.W.3d at 662. "The test for determining what time period is reasonable is not subject to exact formulation, and no 'bright line' separates a reasonable time from an unreasonable one." *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding) (citations omitted).

The Texas Medical Liability Act defines a health care liability claim as any cause of action against a health care provider or physician for treatment or lack of treatment, which results in injury to the claimant, whether the claim sounds in tort or contract. *See* TEX. CIV. PRAC. & REM. CODE § 74.001(a)(13); *Scott v. Weems*, 575

6

S.W.3d 357, 363 (Tex. 2019). The Texas Supreme Court recently held that "[w]hen a claim brought against a health care provider is based on facts implicating the defendant's conduct during the course of a patient's care, treatment, or confinement, a rebuttable presumption arises that it is a health care liability claim for purposes of the Medical Liability Act." *Scott*, 575 S.W.3d at 363 (internal quotation marks and citations omitted).

Here, RPI Harris's libel, civil conspiracy, abuse of process, fraud, and intentional infliction of emotional distress claims invoke the presumption here because these claims arose from N.S.'s medical treatment by TCH's physicians, who she claims then gave an incorrect final diagnosis, which led ACS to temporarily remove N.S. so that TCH's medical bills would be paid. The Texas Supreme Court has held that "[a] person cannot avoid the statutory expert-report requirements by artful pleading," and that fraud, fraudulent concealment, civil conspiracy, and misrepresentation claims against a physician and, through vicarious liability, his hospital, were health care liability claims because they attacked the "quality of medical services" they received from that physician. *In re McAllen Med. Ctr., Inc.,* 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). Similar to RPI Harris's libel and intentional infliction of emotional distress claims, the Texas Supreme Court recently held that a record-falsification claim by a nurse, and a resulting claim for intentional infliction of emotional distress, were health care liability claims because

7

they arose from health care received from that nurse and the plaintiff asserted that these claims proximately caused his injuries. *See Scott*, 575 S.W.3d at 363–64. Thus, the respondent had a legal duty to perform a nondiscretionary act to rule on the motions because RPI Harris's lawsuit alleged health care liability claims. *See McAllen Med. Ctr.*, 275 S.W.3d at 464; *Pollet*, 281 S.W.3d at 534.

Moreover, the record shows that relator TCH's second amended motion to dismiss, filed on March 21, 2018, has been pending for over eleven months when it filed its petition, and for ten months since the May 3, 2018 motion hearing. Similarly, BCOM's amended motion to dismiss, filed on March 27, 2018, has been pending for over ten months, when it filed its petition, and for over nine months since the May 3, 2018 motion hearing. Despite several requests for a ruling, the respondent has yet to rule on either motion, and the record shows no reason for respondent's delay. Relators claim that the respondent's delay in ruling is causing them substantial harm because they had to incur unnecessary litigation expenses.

We take judicial notice that our Court is granting mandamus relief in three different petitions against the same respondent, the Honorable Ursula Hall, for failing to rule on pending Chapter 74 motions to dismiss or for summary judgment or a plea to the jurisdiction within a reasonable time after they were submitted. *See In re Tomball Tex. Hosp. Co., LLC d/b/a Tomball Region Med. Ctr.*, No. 01-19-00242-CV (Tex. App.—Houston [1st Dist.] July 30, 2019, orig. proceeding) (per

8

curiam) (mem. op.) (granting mandamus relief to direct Judge Ursula Hall to rule on relator's Chapter 74 motion to dismiss and real party in interest's motion for interlocutory summary judgment, pending over nineteen months, and relator's amended traditional motion for summary judgment, pending over fourteen months); *In re The Univ. of Tex. MD Anderson Cancer Ctr.*, No. 01-19-00201-CV (Tex. App.—Houston [1st Dist.] July 30, 2019, orig. proceeding) (per curiam) (mem. op.) (granting mandamus relief to direct Judge Ursula Hall to rule on relator's plea to jurisdiction pending over one year); *In re The Univ. of Tex. MD Anderson Cancer Ctr.*, No. 01-19-00202-CV (Tex. App.—Houston [1st Dist.] July 30, 2019, orig. proceeding) (per curiam) (mem. op.) (granting mandamus relief to direct Judge Ursula Hall to rule on relator's Chapter 74 motion to dismiss pending over one year).

We also take judicial notice that our sister court has granted mandamus relief in four separate petitions against the same respondent for failing to rule on pending pleas/motions within a reasonable time after they were submitted for shorter periods of time than alleged in these petitions. *See In re ABC Assembly LLC*, No. 14-19-00419-CV, 2019 WL 2517865, at *3 (Tex. App.—Houston [14th Dist.] June 18, 2019, orig. proceeding) (per curiam) (mem. op.) (granting mandamus relief to direct Judge Ursula Hall to rule on relator's motion for entry of judgment pending about eight months); *In re Harris Cty. Appraisal Dist.*, No. 14-19-00078-CV, 2019 WL 1716274, at *3–4 (Tex. App.—Houston [14th Dist.] Apr. 18, 2019, orig. proceeding)

9

(mem. op.) (granting mandamus relief to direct Judge Ursula Hall to rule on relator's plea to jurisdiction pending over six months); *In re Coffey*, No. 14-18-00124-CV, 2018 WL 1627592, at *2 (Tex. App.—Houston [14th Dist.] Apr. 5, 2018, orig. proceeding) (per curiam) (mem. op.) (granting mandamus relief to direct Judge Ursula Hall to rule on relator's motion to confirm arbitration award pending over four months); *In re PDVSA Servs., Inc.*, No. 14-17-00824-CV, 2017 WL 6459227, at *4 (Tex. App.—Houston [14th Dist.] Dec. 19, 2017, orig. proceeding) (per curiam) (mem. op.) (granting mandamus relief, in part, to direct Judge Ursula Hall to rule on relator's motion to submit appeal, of order of appraisal review board to nonbinding arbitration, pending over eight months).

Accordingly, we conclude, under these circumstances where the motions are opposed, but have been pending over ten months, and the respondent noted at the hearing that they appeared straightforward and would be granted within a week, and it appears that the delay in ruling is prejudicing relators, that the respondent has abused her discretion. For these reasons, we hold that the respondent failed to perform her ministerial duty to rule on the Chapter 74 motions to dismiss within a reasonable time after they were submitted. *See Foster*, 503 S.W.3d at 607.

## B. Adequacy of Appellate Remedy

Relief by writ of mandamus is warranted in cases in which the very act of proceeding to trial—regardless of the outcome—would defeat the substantive right

involved. *McAllen Med. Ctr.*, 275 S.W.3d at 465. "The Texas Medical Liability Act (Act) requires a claimant pursuing a 'health care liability claim' to timely serve an adequate expert report" within 120 days after the answer is filed, absent an extension, and "[f]ailure to do so requires dismissal with prejudice." *Scott*, 575 S.W.3d at 360–61.

Until the expert report is served, all discovery is stayed in a health care liability claim. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(s). The Legislature intended this procedure to preclude extensive discovery and prolonged litigation in frivolous cases. *In re Roberts,* 255 S.W.3d 640, 641 (Tex. 2008) (per curiam) (discussing legislative intent behind enactment of former Article 4590i, predecessor to Chapter 74 of Texas Civil Practice and Remedies Code); *see also Pollet*, 281 S.W.3d at 535. An appeal is not an adequate remedy when a trial court's refusal to rule on a motion, and therefore enforce a statutory provision, would frustrate the Legislature's intent. *Roberts*, 255 S.W.3d 640, 641; *see also Pollet*, 281 S.W.3d at 535. Thus, the relators lack an adequate appellate remedy for the respondent's failure to rule on their Chapter 74 motions to dismiss within a reasonable time period. *See Pollet*, 281 S.W.3d at 535 (granting mandamus relief after holding that relator had no adequate remedy for trial court's failure to rule on Chapter 74 motion to dismiss within reasonable time period).

## CONCLUSION

Accordingly, we lift this Court's February 15, 2019 stay, conditionally grant both relator BCOM's and TCH's mandamus petitions, and direct the respondent trial court to rule on the pending Chapter 74 motions to dismiss before ruling on other motions. We express no opinion as to the merits of the motions. *See Harris Cty. Appraisal Dist.*, 2019 WL 1716274, at *4 (citing *In re ReadyOne Indus., Inc.*, 463 S.W.3d 623, 624 (Tex. App.—El Paso 2015, orig. proceeding) (stating that while appellate court has jurisdiction to direct trial court to exercise its discretion, it is not permitted to tell trial court how to rule on pending motion)). We are confident that the trial court will comply, and our writs will issue only if it does not comply within 30 days of the date of this opinion.

## PER CURIAM

Panel consists of Justices Keyes, Kelly, and Goodman.